UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

VICTOR M. RAMIREZ,
and other similarly situated individuals,

      Plaintiff(s),

v.

LLOYD JONES LLC,
and CHRISTOPHER C. FINLAY,
individually,

      Defendants,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b)

COMES NOW the Plaintiff VICTOR M. RAMIREZ, and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues the Defendants

LLOYD JONES LLC, and CHRISTOPHER C. FINLAY and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the

   United States laws.  This Court has jurisdiction pursuant to the Fair Labor Standards

   Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff VICTOR M. RAMIREZ is a resident of Sunrise, Broward County, Florida,

   within this Honorable Court jurisdiction.    Plaintiff is a covered employee for

   purposes of the Act.

3. Defendant LLOYD JONES LLC (from now on LLOYD JONES, or Defendant) is

   a Florida for Profit Corporation having its main place of business in Ponte Vedra

Beach, St. Johns County, and Broward County. The Defendant was engaged in interstate commerce.

4. The individual Defendant CHRISTOPHER C. FINLAY was and is now the owner/partner and manager of LLOYD JONES. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Broward County, Florida within this Court's jurisdiction.

<u>GENERAL ALLEGATIONS</u>

6. This cause of action is brought by Plaintiff VICTOR M. RAMIREZ, and other similarly situated employees to recover from Defendant overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant LLOYD JONES is a real estate investment, development, property management, and senior housing management company.

8. Defendants LLOYD JONES and CHRISTOPHER C. FINLAY employed Plaintiff VICTOR M. RAMIREZ as a non-exempted, full-time, hourly employee, approximately from January 01, 2019, to the present, March 17, 2021. Plaintiff continues his employment with Defendants. To the current date, Plaintiff has been employed by Defendants for 115 weeks.  However, for FLSA purposes, de relevant period of employment is 86 weeks.

9. Plaintiff was paid overtime hours before May 2019, and besides, he did not work more than 40 hours the last six weeks.

10. For the relevant employment period, Plaintiff's wage-rate was $16.50 an hour. His overtime wage rate should be $24.75 an hour.

11. The Plaintiff worked at Shamrock of Sunrise Apartments, a senior living community located at 4001 N. Pine Island Rd., Sunrise, Florida 33351.

12. During his time of employment, Plaintiff worked as a maintenance employee. Plaintiff's duties included general maintenance work such as repairing, painting, plumbing, and electric light work for the 119 residential units at Shamrock of Sunrise Apartments that LLOYD JONES and CHRISTOPHER C. FINLAY managed.

13. Plaintiff worked five days per week from Mondays to Fridays, and he had a regular schedule. Every day, Plaintiff began to work at 8:00 AM, and he finished his shift at 5:00 PM (9 hours daily).  Plaintiff completed 40 hours weekly (Plaintiff has deducted 1 hour of the lunchtime he took daily).

14. However, every month Plaintiff had two weeks in which he worked On-call hours 7 days/24 hours. Plaintiff began his On-call shifts on Mondays after 5:00 PM and finished it the following Monday at 8:00 AM.

15. During his On-call shifts, Plaintiff worked an average of 12 On-call hours per week. These On-call hours constitute overtime hours.

16. Plaintiff was paid an average of 3 overtime hours per week.  The remaining overtime hours were not paid at any rate, not even at the minimum wage rate, as required by the FLSA.

17. Plaintiff did not clock in and out most of the time, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of Plaintiff's total number of working hours.

18. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

19. Plaintiff and all individuals similarly situated were paid bi-weekly, by direct deposit.   Plaintiff was not provided with any record or paystub providing information about the number of days and hours worked, the wage-rate paid, employees' taxes withheld, etc.  Plaintiff was not able to check his hours, he did not have access to any record, and their paystubs never reflected the real number of working hours.

20. Plaintiff is not in possession of time and payment records, but he will provide a good faith estimate based on 12 overtime for 43 weeks, corresponding to 43 weeks with 12 On-call hours weekly.  Plaintiff is not deducting any overtime payment received. After proper discovery, Plaintiff will amend his Statement of Claim.

21. Plaintiff VICTOR M. RAMIREZ seeks to recover unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid

overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**
**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

23. Plaintiff VICTOR M. RAMIREZ re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff VICTOR M. RAMIREZ and those similarly-situated as a collective action to recover from Defendants LLOYD JONES and CHRISTOPHER C. FINLAY overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after January 2019, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant LLOYD JONES was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). Defendant is

a property and management company. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was more than $500,000 per annum. Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiff was a maintenance employee. Through his daily activities, he worked and handled and on goods and materials that were moved across State lines at any time during the business. Therefore, there is individual coverage.

28. Defendants LLOYD JONES and CHRISTOPHER C. FINLAY employed Plaintiff VICTOR M. RAMIREZ as a non-exempted, full-time, hourly employee, approximately from January 01, 2019, to the present, March 17, 2021. Plaintiff continues his employment with Defendants. To the current date, Plaintiff has been employed by Defendants for 115 weeks.  However, for FLSA purposes, de relevant period of employment is 86 weeks.

29. Plaintiff was paid overtime hours before May 2019, and he did not work more than 40 hours the last six weeks.

30. For the relevant employment period, Plaintiff's wage-rate was $16.50 an hour. Plaintiff's overtime wage rate should be $24.75 an hour.

31. Plaintiff worked as a maintenance employee at Shamrock of Sunrise Apartments, a senior living community located at 4001 N. Pine Island Rd., Sunrise, Florida 33351.

32. Plaintiff worked five days per week from Mondays to Fridays, an average of 40 hours weekly (Plaintiff has deducted 1 hour of the lunchtime he took daily).

33. However, every month Plaintiff had two weeks in which he worked On-call hours 7 days/24 hours. Plaintiff began his On-call shifts on Mondays after 5:00 PM and finished it the following Monday at 8:00 AM.

34. During his On-call shifts, Plaintiff worked an average of 12 On-call hours per week. These On-call hours constitute overtime hours.

35. Plaintiff was paid an average of 3 overtime hours.  The remaining overtime hours were not paid at any rate, not even at the minimum wage rate, as required by the FLSA.

36. Plaintiff did not clock in and out most of the time, but the Defendants were in complete control of Plaintiff's working hours, and they were able to keep track of Plaintiff's total number of working hours.

37. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

38. Plaintiff and all individuals similarly situated were paid bi-weekly, by direct deposit.  Plaintiff was not provided with any record or paystub giving information about the number of days and hours worked, the wage-rate paid, employees' taxes withheld, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and all other employees and the compensation paid to such employees should be in the Defendants' possession and custody.  However, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class upon information and belief.

40. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

42. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

   *Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification. Adjustments will be made after proper discovery.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

      Twelve Thousand Seven Hundred Seventy-One Dollars and 00/100 ($12,771.00)

   b. <u>Calculation of such wages</u>:

      Total time of employment:  115 weeks
      Relevant weeks of employment:  43 weeks
      Total hours worked: 52 hours
      Total number of O/T hours: 12 O/T hours
      Total unpaid O/T hours: 12 O/T hours weekly
      Regular rate: $16.50 x 1.5=$24.75
      O/T rate: $24.75

      O/T rate $ 24.75 x 12 O/T hours=$297.00 weekly x 43 weeks=$12,771.00

    c.   <u>Nature of wages (e.g. overtime or straight time):</u>

        This amount represents unpaid overtime wages.

43. At all times material hereto, the Employer/Defendant LLOYD JONES failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

44. Defendant LLOYD JONES knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

45. At times mentioned, individual Defendant CHRISTOPHER C. FINLAY was, and is now, the owner/director and manager of Defendant Corporation LLOYD JONES. Individual Defendant CHRISTOPHER C. FINLAY was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in LLOYD JONES's interest concerning its employees, including Plaintiff and others similarly situated.  Individual Defendant CHRISTOPHER C. FINLAY had absolute operational control of LLOYD JONES, and he is jointly and severally liable for Plaintiff's damages.

46. Defendants LLOYD JONES and CHRISTOPHER C. FINLAY willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain because of Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

47. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff VICTOR M. RAMIREZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendants LLOYD JONES and CHRISTOPHER C. FINLAY based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked over forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiff VICTOR M. RAMIREZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  March 23, 2021

Respectfully submitted,

By:  **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*